**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

SILVIA HELENA ROBERTS, Case No. 26-23089-EPK
Debtor. Chapter 7
___________________________________/

**CREDITOR EVE STORM'S MOTION TO COMPEL DEBTOR'S COMPLIANCE WITH RULE 2004 DOCUMENT PRODUCTION**

Creditor Eve Storm moves under Federal Rule of Bankruptcy Procedure 2004, Local Rule 2004-1, and 11 U.S.C. § 105(a) for an order compelling Debtor Silvia Helena Roberts to produce the documents and electronically stored information required by the previously served Notice of Rule 2004 Examination. The Debtor completely failed to respond by the November 18, 2026 production deadline. In support, Eve Storm states as follows.

1. Eve Storm is a creditor and party in interest in this Chapter 7 case. She seeks records concerning the Debtor's assets, financial affairs, transfers, and disclosures relevant to administration of the estate.

2. On October 27, 2026, Eve Storm filed her Notice of Rule 2004 Examination, including Exhibit A identifying 27 document requests (Dkt. No. 17). The Notice required production on November 18, 2026, at 10:00 a.m. Eastern time, and separately scheduled testimony for December 2, 2026, at 1:00 p.m. Eastern time.

3. The Notice's certificate of service states that it was filed through CM/ECF on October 27, 2026 and mailed that day by first-class U.S. Mail to the Debtor at 2821 S. Federal Highway, Boynton Beach, Florida 33435. The stated production deadline fell 22 days after that mailing.

4. The Notice expressly permitted electronic production to tom@zeichmanlaw.com, with a copy to cseaton@zeichmanlaw.com. Its Exhibit A required records in the Debtor's

possession, custody, or control, allowed identification of previously produced records, and required a statement if a reasonable search found no responsive documents.

5. As of the filing of this Motion, the Debtor has produced no responsive documents or electronically stored information and has provided no written response to the requests. All 27 requests remain unanswered.

6. The outstanding requests concern the Debtor's identity and business interests, artwork and proceeds held or transferred through Gallart, Coinbase accounts and digital assets, ownership and transfers of the identified Bentley and Ferrari, and source records supporting the Debtor's bankruptcy disclosures. Requests 1–2 address identity and business interests, Requests 3–9 address Gallart artwork and proceeds, Requests 10–14 address Coinbase and digital assets, Requests 15–25 address the vehicles, and Requests 26–27 address disclosure support and the location or disposition of responsive records.

7. The absence of any production prevents Eve Storm from tracing the Debtor's property and transfers, evaluating the accuracy and completeness of her disclosures, and preparing for the scheduled examination. Prompt production is necessary to investigate assets and transactions affecting this Chapter 7 estate.

8. Rule 2004(b)(1) authorizes inquiry into a debtor's acts, conduct, property, liabilities, financial condition, matters affecting estate administration, and right to discharge. These requests fall within that scope. Local Rule 2004-1(a) permits a party in interest to request documents and ESI without a prior court order, and Local Rule 2004-1(c) dispenses with a subpoena for production from the debtor.

9. Under Local Rule 2004-1(d), Federal Rule of Civil Procedure 34(b)(2)(B)–(E) governs the Debtor's responses and objections. Those provisions require a response to each

request, specific grounds for objections, disclosure of whether responsive materials are being withheld, and production in the required form. The Debtor's complete failure to respond provides no basis to determine whether she has searched for records, possesses responsive materials, or asserts any specific objection.

10. An order establishing a definite production deadline is warranted under Rule 2004 and Local Rule 2004-1. Section 105(a) further authorizes orders appropriate to enforce the Court's rules. Eve Storm requests compliance within seven days after entry of the order.

11. The order should require the Debtor to produce all responsive, nonprivileged documents and ESI in her possession, custody, or control, and serve a written response to each request. Any claim of privilege should identify the withheld material and the basis for withholding sufficiently to permit evaluation, consistent with the Notice's instructions.

12. For any request as to which the Debtor contends that no responsive documents exist or are within her possession, custody, or control, she should identify that request and describe her reasonable search in a signed declaration under penalty of perjury. If responsive records were lost, destroyed, transferred, or are held by another person, the declaration should identify the circumstances and any known custodian to the extent known.

13. Eve Storm requests that the Court retain jurisdiction to enforce its order and consider further relief upon a supported motion and notice if the Debtor fails to comply.

WHEREFORE, creditor Eve Storm requests an order granting this Motion, compelling Silvia Helena Roberts to comply with the document-production requirements of the Notice (Dkt. No. 17), and directing her, within seven days after entry of the order, to email the responsive production, written responses, any privilege log, and any required declaration to Tom@ZeichmanLaw.com, with a copy to Cseaton@ZeichmanLaw.com. Eve Storm further requests that the Court retain jurisdiction to enforce compliance and grant such other appropriate relief as the Court deems just.

## CERTIFICATION REGARDING CONFERRAL

[Complete before filing. If the Debtor has appeared through counsel, identify the date, method, participants, and outcome of counsel's good-faith conference or attempt to confer under Local Rule 9013-1(a). If the Debtor is unrepresented, state that fact after confirming the current docket.]

Dated November 19, 2026.

Respectfully submitted,
ZEICHMAN LAW
Counsel for Creditor Eve Storm
2385 NW Executive Center Drive, Suite 300
Boca Raton, FL 33431
Telephone (561) 467-6291
Tom@ZeichmanLaw.com
Cseaton@ZeichmanLaw.com

By /s/ Thomas G. Zeichman
Thomas G. Zeichman, Esq.
Florida Bar No. 99239

## CERTIFICATE OF SERVICE

I certify that on November 19, 2026, a true and correct copy of this Motion was served through CM/ECF upon all registered recipients and by first-class U.S. Mail upon Silvia Helena Roberts at 2821 S Federal Hwy, Boynton Beach, FL 33435, upon the Debtor's counsel of record, if any, by [complete service details], and upon Nicole Testa Mehdipour, Chapter 7 Trustee, at 6278 North Federal Highway, Suite 408, Fort Lauderdale, FL 33308.

/s/ Thomas G. Zeichman
Thomas G. Zeichman, Esq.