**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:
SILVIA HELENA ROBERTS, Case No. 26-23089-EPK
Debtor. Chapter 7
_________________________________/

**CREDITOR EVE STORM'S NOTICE OF RULE 2004 EXAMINATION OF GALLART.COM, INC. FOR DOCUMENT PRODUCTION ONLY**

**Production only.** Under Fed. R. Bankr. P. 2004 and Local Rule 2004-1, creditor Eve Storm requests that the records custodian of Gallart.com, Inc. produce the documents and electronically stored information described in Schedule A of the attached subpoena.

Email the responsive documents and electronically stored information to Tom@ZeichmanLaw.com by Thursday, December 17, 2026, at 10:00 a.m. Eastern time. No testimony or personal appearance is required.

The requested production concerns the Debtor's interests in artwork, consignments, receivables, and their proceeds under Fed. R. Bankr. P. 2004(b). Local Rule 2004-1(a) authorizes this request without a court order.

Under Local Rule 2004-1(d), Fed. R. Civ. P. 34(b)(2)(B)–(E) governs responses and objections. If the recipient receives less than 14 days' notice, the production deadline will be rescheduled upon timely request to a mutually agreeable time. A motion for protective order stays production until the Court rules. Local Rule 2004-1(e).

Dated: November 19, 2026

By:

Thomas G. Zeichman, Esq.
Florida Bar No. 99239
ZEICHMAN LAW, Counsel for Creditor Eve Storm
2385 NW Executive Center Drive, Suite 300
Boca Raton, FL 33431
(561) 467-6291
Tom@ZeichmanLaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2026, I served a true and correct copy of this notice, including the attached subpoena and Schedule A, upon all parties listed on the Notice of Electronic Filing through CM/ECF and upon the following by the method indicated:

Nicole Testa Mehdipour, Chapter 7 Trustee — 6278 North Federal Highway, Suite 408, Fort Lauderdale, FL 33308, by Process Server.

Silvia Helena Roberts, Debtor — 2821 S Federal Hwy, Boynton Beach, FL 33435, by Process Server.

_________________________________
Thomas G. Zeichman, Esq.
G. Zeichman, Esq.

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re Silvia Helena Roberts
Debtor

Case No. 26-23089-EPK

Chapter 7

*(Complete if issued in an adversary proceeding)*

______________________________
Plaintiff
v.
______________________________
Defendant

Adv. Proc. No. ____________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Records Custodian, Gallart.com, Inc.
*(Name of person to whom the subpoena is directed)*
c/o Gallery Art Group, Inc., registered agent, 20633 Biscayne Boulevard, Suite C2, Aventura, FL 33180

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
**Produce the documents and ESI listed in attached Schedule A. No testimony or appearance is required.**

| PLACE | DATE AND TIME |
|---|---|
| By email only to Tom@ZeichmanLaw.com | December 17, 2026 at 10:00 a.m. ET |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Nov. 19, 2026

CLERK OF COURT

OR

______________________________ ______________________________
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Creditor Eve Storm, who issues or requests this subpoena, are:
Thomas G. Zeichman, Esq. | Zeichman Law | 2385 NW Executive Center Drive, Suite 300, Boca Raton, FL 33431
Tom@ZeichmanLaw.com | (561) 467-6291

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ___________________________________
_______________________________________________________________________________________________
_________________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: __________________________________________________________
_______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**
**Gallart.com, Inc. | Definitions and instructions**

For this schedule only, “Debtor” is the term used in the underlying artwork requests for the persons identified in definition 1. Silvia Helena Roberts is the sole debtor in this bankruptcy case. She is identified in the underlying requests as Silvia Castro Roberts.

1. "Debtor" means LESLIE HOWARD ROBERTS, JR. (A/K/A "LESLIE HOWARD ROBERTS", "LES ROBERTS, JR." AND "LES ROBERTS") and/or SILVIA CASTRO ROBERTS (A/K/A "SYLVIA CASTRO"), including any aliases, trade names, business entities owned or controlled by, or acting on behalf of, said individual or entity.

2. "You" or "Your" means the recipient of this Subpoena, its officers, directors, employees, agents, representatives, predecessors, successors, subsidiaries, affiliates, and all persons acting on its behalf.

3. "Artwork" or "Art" means any painting, drawing, sculpture, print, photograph, mixed media piece, digital artwork, NFT, collectible, antique, decorative object, or any item represented, marketed, or sold as a work of art or collectible.

4. "Consignment" means any arrangement whereby Debtor placed Artwork with You for the purpose of sale, exhibition, storage, or auction, or whereby You placed Artwork with Debtor.

5. "Documents" means any and all writings, recordings, photographs, electronic data, emails, text messages, contracts, invoices, receipts, ledgers, account statements, correspondence, notes, databases, and any other tangible or electronic medium on which information is recorded or stored, however produced or reproduced.

6. "Relevant Period" means January 1, 2023 through the present date, unless otherwise specified.

You are directed to produce all of the following Documents in Your possession, custody, or control pertaining to Debtors mentioned above during the Relevant Period.

**SCHEDULE A**

**Gallart.com, Inc. | Documents to be produced**

**Account and Relationship Records**

1. All applications, agreements, contracts, or account-opening documents reflecting any business relationship between You and Debtor, including consignment agreements, dealer agreements, agency agreements, buyer/seller agreements, or gallery representation agreements.
2. All records identifying Debtor as a consignor, consignee, buyer, seller, agent, representative, or dealer of any Artwork.
3. All records reflecting any power of attorney, authorization to act, or other agency relationship between You and Debtor.

**Consignment Records**

4. All consignment agreements, consignment schedules, intake forms, and related Documents reflecting any Artwork consigned by or to Debtor.
5. All inventory logs, condition reports, provenance records, and appraisals for any Artwork consigned by or to Debtor.
6. All Documents reflecting the current location, status, or disposition of any Artwork consigned by or to Debtor that remains unsold or in Your possession.
7. All Documents reflecting the proceeds, commissions, fees, or other amounts due, paid, or owed to Debtor in connection with any consigned Artwork.

**Purchase and Sale Records**

8. All invoices, bills of sale, purchase orders, receipts, and related Documents reflecting any Artwork purchased by or sold to Debtor.
9. All auction records, lot records, bidding records, hammer price records, buyer's premium records, and settlement statements for any auction lot consigned, purchased, or sold by or on behalf of Debtor.
10. All Documents reflecting any resale royalties, artist resale rights, or other recurring payment obligations associated with Artwork in which Debtor has or had an interest.

## SCHEDULE A
## Gallart.com, Inc. | Documents to be produced

### Financial and Payment Records

11. All account statements, ledgers, running account balances, and records reflecting any money owed to or by Debtor.
12. All checks, wire transfer records, ACH records, payment confirmations, or other evidence of payments made to or received from Debtor.
13. All records reflecting any and all loans, advances, credit lines, or financial accommodations extended to or on behalf of Debtor, including any Artwork pledged as collateral.

### Communications

14. All correspondence, emails, letters, text messages, direct messages, or other communications between You (or Your employees/agents) and Debtor relating to any Artwork, transaction, account, consignment, or financial matter.
15. All communications relating to any request by Debtor to transfer, move, release, return, sell, or otherwise dispose of any Artwork held by You.

### Artwork Currently Held or Subject to Pending Transaction

16. A current inventory list of all Artwork in Your possession, custody, or control in which Debtor holds or claims any ownership interest, consignor interest, or other interest, including the title, artist, medium, dimensions, estimated value, and physical location of each piece.
17. All Documents reflecting any Artwork that has been sold, transferred, or otherwise disposed of on Debtor's behalf during the Relevant Period, including Documents reflecting the sale price, purchaser identity, and disbursement of proceeds.
18. All Documents reflecting any pending sale, auction listing, or offer to purchase any Artwork in which Debtor has or claims an interest.

### Insurance and Appraisal Records

19. All insurance certificates, policies, riders, or endorsements covering Artwork in which Debtor holds or held an interest, including the insured value of each piece.
20. All appraisals, valuations, condition reports, or authentication records for Artwork associated with Debtor.